UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| MARGARET H. WALKER | ) | |
|     PLAINTIFF | ) | |
| | ) | |
| v. | ) | DOCKET NO. 1:19-cv-__1149__ |
| | ) | |
| SCHOOL ADMINISTRATIVE UNIT SIXTEEN | ) | |
| DAVID RYAN, ED.D, SUPERINTENDENT | ) | |
| PATRICIA WONS, PRINCIPAL | ) | |
|     DEFENDANTS | ) | |

**COMPLAINT**
**JURY TRIAL DEMANDED**

Margaret H. Walker ("Walker"), the Plaintiff in this action, complains against School Administrative Unit 16 ("SAU-16"), David Ryan, and Patricia Wons.

INTRODUCTION

1. This is an action seeking declaratory, injunctive, and equitable relief, as well as monetary damages to redress SAU-16's violations of the Age discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., and the Defendants' violations of N.H. R.S.A. ch. 354-A.

2. Specifically, the Defendants violated the ADEA and state law by terminating Walker's employment because of her age.

3. Defendants' unlawful conduct was knowing, malicious, willful, wanton, and/or showed a reckless disregard for Walker's protected rights, which has caused and continues to cause Walker to suffer substantial economic and non-economic damages.

PARTIES

4. Margaret Walker is a 62-year-old former employee with SAU-16. SAU-16 employed Walker as a Student Assistance Counselor from July 2000 to November 2018. Walker

maintains a residential address of 6 Williams Circle, Stratham, NH 03885. At all relevant times, Walker met the definition of "employee" under all applicable statutes.

5. Defendant SAU-16 is a corporation organized pursuant to N.H. R.S.A. ch. 194-C and at all relevant times was Walker's employer. The corporation is governed by a Board of Directors and is advised by executive-level employees.

6. Defendant David Ryan is the Superintendent of SAU-16. At all relevant times, Defendant Ryan was an executive-level employee of SAU-16 who advised SAU-16's board; he made decisions and influenced decisions by SAU-16's Board that affected Walker's employment. Defendant Ryan carried out SAU-16's employment decisions with respect to Walker, and he directly participated in the discriminatory and otherwise unlawful decisions and actions taken against Walker.

7. Defendant Patricia Wons is the Principal of SAU-16. At all relevant times, Defendant Wons was an executive-level employee of SAU-16 who advised SAU-16's board; she made decisions and influenced decisions by SAU-16's Board that affected Walker's employment. Defendant Wons carried out SAU-16's employment decisions with respect to Walker, and she directly participated in the discriminatory and otherwise unlawful decisions and actions taken against Walker.

8. Defendant SAU-16 had 20 or more employees during the relevant time period.

JURISDICTION

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Walker's rights under the ADEA.

10. This Court has supplemental jurisdiction over Walker's related claims arising under state law pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in the district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district, and the defendants exist or reside in this district.

PROCEDURAL REQUIREMENTS

12. At least 60 days before commencing this action, Walker filed a charge of discrimination with the New Hampshire Commission for Human Rights and the Equal Employment Opportunity Commission alleging violations of the ADEA and R.S.A. ch. 354-A. Walker's charge arose out of many of the same facts alleged herein.

13. On or about October 8, 2019, Walker received a copy of a notice of right to sue issued by the EEOC in connection with Walker's previously filed charge of discrimination. A copy of the letter is annexed as **Exhibit 1**. Walker filed this Complaint within 90 days of receiving the EEOC right to sue letter.

FACTS

*Walker's professional credentials and job description*

14. Walker received her Bachelor of Social Work from the Virginia Commonwealth University in 1980; she received her Master of Criminal Justice, Juvenile Focus, in 1984. Walker maintains her Licensed Alcohol and Drug Counselor's license in New Hampshire; she is certified for Practice-based intensive dialectical behavior therapy.

15. Walker has significant trauma-related training and experience. From 1990-1997, she worked at a hospital, where she received ongoing training and supervision related to trauma

stabilization and treatment. She has presented workshops on trauma and addiction. She has attended many trauma, addiction and other mental-health conferences specific to youth and families. Walker has attended trainings with experts in the trauma field. For at least ten years, Walker has been a member of New Hampshire's Disaster Behavioral Health Response Team for schools.

16. Walker previously held a Beginning Educator Certificate with the content area endorsement of School Social Worker. The Beginning Educator Certificate is a full educator certificate. SAU-16 did not require Walker to maintain the certification, so she allowed it to lapse. Walker's certification "is renewable upon presentation of professional growth and fee."

17. Walker periodically attends continuing education programs.

*Walker's employment with SAU-16*

18. Walker began working for SAU-16 in July 2000. As a Student Assistance Counselor, Walker was responsible for developing and facilitating the Exeter Cooperative Middle School's Student Assistance Program, which identifies and supports students and families in addressing social, emotional and environmental concerns so students can achieve academic success. Walker assessed and referred students facing a broad range of issues; facilitated individual and group counseling; consulted teachers, special educators, and administrators; delivered educational programming to students, staff, parents, and the school's community; and conducted community outreach.

19. Walker's pay was governed by an Employment Agreement, a copy of which is annexed as **Exhibit 2**. Walker's base salary was $78,145 per year, plus benefits.

20. Walker worked within the Cooperative Middle School's Counseling Department. Walker worked with six other employees—all of whom were union employees with teacher's contracts. Walker was the only person in the department who was not awarded a teacher's contract.

21. Walker received positive reviews throughout her tenure working for SAU-16. Her last such review was June 19, 2018. Her reviewer noted, *inter alia*,

> As a Student Assistance Counselor, Margot Walker is an integral part of the CMS Student Services Department. She fills a variety of needed roles and meets with a high number of students. She is an active part of the counseling department and is involved in a number of initiatives at CMS. She runs groups that meet a variety of needs and works hand-in-hand with the counseling department to identify students who would be best suited to participate.

22. On April 12, 2018, Walker asked SAU-16 to award her a teacher's contract, like her coworkers had. SAU-16 denied the request but signed a regular employment contract.

*Walker's termination*

23. On October 5, 2018, after 18.5 years of service and at the age of 61 years of age, the defendants fired Walker without warning. Walker was called in to meet with Defendant Ryan, who handed Walker a discharge letter, summarily terminating her employment. The Defendants fired Walker mid-semester: Walker was "relieved of all duties" with immediate effect, although she received pay and benefits through November 4, 2018. A copy of that letter is annexed as **Exhibit 3**.

24. Defendant Ryan refused to give a reason for Walker's termination, despite Walker asking several times for a reason.

25. On October 12, 2018, SAU-16 sent a letter to approximately 1,300 Middle School families. The letter announced Walker's termination and explained that SAU-16's decisionmakers "have come to understand that we must begin by addressing the needs of our students in a more

contemporary fashion." Since Walker maintained the required certificates and kept abreast of updates in her field, "contemporary" was a crude reference to Walker's age.

26. On October 16, 2018, SAU-16's Board held a public-session meeting, during which students and parents spoke in support of Walker, with no guests speaking against her. SAU-16 refused to give a reason for Walker's termination.

27. On February 7, 2019, SAU-16 hired a new employee to serve as a social worker. Based on the new employee's licensure dates, Walker reasonably estimates that the new hire was 29 years old at the time of hire.

*Social worker credential*

28. In response to Walker's Charge of Discrimination, the Defendants stated, for the first time, that they wanted "to hire a licensed social worker to address the growing needs of the student population." The Defendants also cited a need to help students with trauma-related issues.

29. During her employment, the Defendants never told Walker that they required or wanted her to have any additional certifications. They never asked Walker to renew her Beginning Educator Certificate with the content area endorsement of School Social Worker, which only required a request and payment of a fee. They never inquired about Walker's background, experience, or education in trauma-related matters. The Defendants made no effort to gauge whether Walker had the skillset they purportedly sought.

*Damages*

30. Walker has suffered economic damages, including lost wages, lost front pay, lost earning capacity, and lost employment benefits. Finding comparable work with comparable pay is a challenge for Walker, who was a senior employee earning towards the top of her pay bracket.

31. Walker also suffered emotional distress, humiliation, inconvenience, and loss of enjoyment of life. The Defendants ousted Walker mid-semester, without warning or explanation. The abruptness and timing created a false impression that Walker was removed for cause. Then, the Defendants published a letter to approximately 1,300 families, stating that they replaced Walker to "address[] the needs of our students in a more contemporary fashion." Walker was forced to suffer the embarrassment of being publicly replaced based on her age.

## COUNT I
### DISCRIMINATION UNDER ADEA, 29. U.S.C. § 621 ET SEQ.
### ALLEGED AGAINST SAU-16

32. Walker alleges and incorporates by reference the allegations in the preceding paragraphs.

33. At all relevant times, Walker was an "employee" within the meaning of the ADEA.

34. At all relevant times, SAU-16 was an "employer" within the meaning of the ADEA.

35. As outlined above, SAU-16 violated the ADEA when it discriminated against Walker because of her age by firing her for a pretextual reason without conducting any investigation as to Walker's training or credentials.

36. As a direct and proximate result of SAU-16's discriminatory conduct in violation of the ADEA, Walker has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Walker is entitled to an award of damages, attorney's fees, and costs.

37. The foregoing conduct, as alleged, constitutes a willful violation of the ADEA within the meaning of 29 U.S.C. § 626(b) and, as a result, Walker is entitled to liquidated damages.

## COUNT II
### AGE DISCRIMINATION UNDER NEW HAMPSHIRE LAW
### ALLEGED AGAINST ALL DEFENDANTS

38. Walker alleges and incorporates by reference the allegations in the preceding paragraphs.

39. At all relevant times, Walker was an "employee" and SAU-16 was an "employer" within the meaning of N.H. R.S.A. ch. 354-A.

40. As outlined above, SAU-16 violated N.H. R.S.A. §354-A:7 when it discriminated against Walker because of her age by firing her for a pretextual reason without conducting any investigation as to Walker's training or credentials.

41. As outlined above, Defendants Ryan and Wons were executive-level employees who made decisions and influenced SAU-16's decisions affecting Walker's employment. Defendants Ryan and Wons are liable for aiding, abetting, inciting, compelling or coercing SAU-16 to commit an unlawful discriminatory practice. Alternatively, they are liable for obstructing or preventing SAU-16 from complying with N.H. R.S.A. ch. 354-A.

42. As a direct and proximate result of the defendants' discriminatory conduct in violation of N.H. R.S.A. ch. 354-A, Walker has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Walker is entitled to an award of damages, attorney's fees, and costs.

## DEMAND FOR JURY TRIAL

43. Walker demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff Margaret Walker respectfully requests that the Court issue an award in her favor providing the following relief:

A. A declaratory judgment that the actions, conduct, and practices of the Defendants complained of herein violate the laws of the United States and the State of New Hampshire;

B. An injunction and order permanently restraining the Defendants from engaging in such unlawful conduct;

C. An order directing the Defendants to place Walker in the position she would have occupied but for the Defendants' discriminatory and/or otherwise unlawful treatment of Walker, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Walker;

D. An award of damages in an amount to be determined at trial, plus prejudgment and post-judgment interest, to compensate Walker for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security, and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment and post-judgment interest, to compensate Walker for harm to Walker's professional and personal reputation and loss of career fulfillment;

F. An award of damages for all other monetary and/or non-monetary losses Walker suffered in an amount to be determined at trial, plus prejudgment and post-judgment interest;

G. An award of costs that Walker has incurred and will incur in this action, as well as Walker's reasonable attorney's fees to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

MARGARET H. WALKER

By her attorneys,
SHAINES & MCEACHERN, P.A.

Dated: November 8, 2019       */s/ Paul McEachern*
Paul McEachern, NH Bar # 1679
282 Corporate Drive, Unit 2
Portsmouth, NH 03801
(603) 436-3110